# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

EVELYN A. ISAACS,                )
                                 )   Case No. 2:12-cv-01447-JCM-CWH
      Plaintiff,         )
                                 )   **ORDER**
vs.                              )
                                 )
SANDS EXPO AND CONVENTION CENTER,)
                                 )
      Defendant.         )
_____)

This matter is before the Court on Plaintiff's Second Application to Proceed *In Forma Pauperis* (#1), filed on August 15, 2012. Plaintiff is proceeding in this action *pro se*. On December 4, 2012, the Court denied Plaintiff's First Application to Proceed *in Forma Pauperis* (#1) for failure to fully respond to questions regarding her income and expenses. *See* Order #3.

**I.     *In Forma Pauperis* Application**

Plaintiff has submitted the affidavit required by § 1915(a) showing an inability to prepay fees and costs or give security for them. Accordingly, the request to proceed *in forma pauperis* will be granted pursuant to 28 U.S.C. § 1915(a). The court will now review Plaintiff's complaint.

**II.    Screening the Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen the complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curium). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by

amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

### A. Diversity Jurisdiction

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." It appears as though Plaintiff and Defendant are both citizens of Nevada and Plaintiff failed to state what relief she is seeking so there is no diversity jurisdiction.

### B. Federal Question Jurisdiction

As a general matter, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S.

1, 8-9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Here, it appears Plaintiff is attempting to state a claim for race discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, although she failed to cite that statute in her complaint. A claim under this statute invokes the Court's federal jurisdiction. However, because the Court finds that Plaintiff failed to properly bring a claim under Title VII (see discussion below), federal question jurisdiction does not exist at this time.

**C.     Title VII Claim**

Title VII allows a person to sue an employer for discrimination on the basis of race if she has exhausted both state and EEOC administrative procedures. Once plaintiff files charges with the EEOC, the commission will investigate the charges, attempt to reach a settlement, and decide whether to sue the employer. *Id.* If the EEOC decides not to sue and if there is no settlement satisfactory to plaintiff, the EEOC will issue plaintiff a right-to-sue letter and plaintiff will have exhausted her remedies with the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). After receipt of the right-to-sue letter, plaintiff may sue in federal or state court. *Id.* Here, Plaintiff has not attached Notice of Suit Rights letter from the EEOC. Thus, it appears Plaintiff has not exhausted her administrative remedies.

Additionally, Plaintiff has not provided adequate factual support for her claims. To state a claim for relief, "a complaint must contain sufficient factual matter to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 556 U.S. at 678-79. In order to prove a prima facie case of discrimination in violation of Title VII, Plaintiff must establish: (a) she belonged to a protected class; (b) she was qualified for her job; (c) she was subjected to adverse employment action; and (d) similarly situated employees not in her protected class received more favorable treatment. *Moran v. Selig*, 447 F.3d 748, 753 (9th Cir. 2006) (citing *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir. 2002)). Plaintiff generally alleges that she was wrongfully terminated due to "unknown reasons" and attached some letters from employees that describe behavior of Mike Desilets. She does not specify her race, age, how she was qualified for her job, and how fellow employees were treated differently. Because Plaintiff has

1  not provided sufficient factual support for her claims, the complaint must be dismissed. The dismissal
2  will be without prejudice to Plaintiff and she may amend her complaint to include sufficient factual
3  allegations to support her claims.
4      Based on the foregoing and good cause appearing therefore,
5      **IT IS HEREBY ORDERED** that Plaintiff's Second Application to Proceed *in Forma Pauperis*
6  (#4) is **granted**. Plaintiff shall not be required to pre-pay the full filing fee of three hundred fifty
7  dollars ($350.00). Plaintiff is permitted to maintain this action to conclusion without the necessity of
8  prepayment of any additional fees or costs or the giving of a security therefor. This Order granting
9  leave to proceed *in forma pauperis* shall not extend to the issuance of subpoenas at government
10 expense.
11     **IT IS FURTHER ORDERED** that the Clerk of the Court shall file the Complaint (#1-1).
12     **IT IS FURTHER ORDERED** that the Complaint (#1-1) is **dismissed without prejudice** for
13 failure to state a claim upon which relief can be granted with leave to amend. Plaintiff will have **thirty**
14 **(30)** days from the date that this Order is entered to file an amended complaint correcting the noted
15 deficiencies. Failure to comply with this Order may result in the Court recommending that this action
16 be dismissed.
17     DATED this 8th day of January, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**