UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| EVELYN A. ISAACS,<br><br>               Plaintiff,<br><br>vs.<br><br>SANDS EXPO AND CONVENTION CENTER, *et al.*,<br><br>               Defendants. | Case No. 2:12-cv-01447-JCM-CWH<br><br>**FINDINGS AND<br>RECOMMENDATION** |

This matter is before the Court on Plaintiff's Amended Complaint (#7), filed on February 8, 2013. Plaintiff is proceeding in this action *pro se*. On December 4, 2012, the Court denied Plaintiff's First Application to Proceed *in Forma Pauperis* (#1) for failure to fully respond to questions regarding her income and expenses. *See* Order #3. On January 4, 2013, Plaintiff filed a Second Application to Proceed *In Forma Pauperis* (#4). On January 8, 2013, the Court granted Plaintiff's Second Application to Proceed *In Forma Pauperis*, but dismissed her complaint without prejudice and granted her thirty days to file an amended complaint. *See* Order #5. The Court will now screen Plaintiff's Amended Complaint.

**I.     Screening the Amended Complaint**

Upon granting a request to proceed *in forma pauperis*, a court must additionally screen the complaint pursuant to § 1915(a). Federal courts are given the authority dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Allegations of a *pro se* complaint are held to less stringent standards than formal pleading drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curium). When a court dismisses a complaint under § 1915(a), the plaintiff should be given leave to amend the complaint with directions as to curing its deficiencies, unless it is clear from the face of the complaint that the deficiencies could not be cured by

amendment. *See Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995).

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal of a complaint for failure to state a claim upon which relief can be granted. Review under Rule 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). A properly pled complaint must provide a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2); *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 555 (2007). Although Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*citing Papasan v. Allain*, 478 U.S. 265, 286 (1986)). The court must accept as true all well-pled factual allegations contained in the complaint, but the same requirement does not apply to legal conclusions. *Iqbal*, 556 U.S. at 679. Mere recitals of the elements of a cause of action, supported only by conclusory allegations, do not suffice. *Id.* at 678. Secondly, where the claims in the complaint have not crossed the line from plausible to conceivable, the complaint should be dismissed. *Twombly,* 550 U.S. at 570.

Additionally, the court cannot refer to a prior pleading in order to make an amended complaint complete. Local Rule 15-1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967). Once plaintiff files an amended complaint, the original pleading no longer serves any function in this case. Therefore, in an amended complaint, each claim and the involvement of the defendant must be sufficiently alleged. The Court notes that Plaintiff's Amended Complaint removed Sands Expo and Convention Center as a named defendant and added Ashlyn LaPorte, Donna Barricklow, Kurt Strakaluse, and Michael Desilets as defendants.

**A.    Diversity Jurisdiction**

Pursuant to 28 U.S.C. § 1332, federal district courts have original jurisdiction over civil actions in diversity cases "where the matter in controversy exceeds the sum or value of $75,000" and where the matter is between "citizens of different states." It appears as though Plaintiff and Defendants are citizens of Nevada and Plaintiff failed to state what relief she is seeking so there is no diversity

1 jurisdiction.

### B. Federal Question Jurisdiction

As a general matter, federal courts are courts of limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). Pursuant to 28 U.S.C. § 1331, federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "A case 'arises under' federal law either where federal law creates the cause of action or 'where the vindication of a right under state law necessarily turn[s] on some construction of federal law.'" *Republican Party of Guam v. Gutierrez*, 277 F.3d 1086, 1088-89 (9th Cir. 2002) (quoting *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 8-9 (1983)). The presence or absence of federal-question jurisdiction is governed by the "well-pleaded complaint rule." *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987). Under the well-pleaded complaint rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Id.*

Here, it appears Plaintiff is attempting to state a claim for race discrimination in violation of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e *et seq.*, although she failed to cite that statute in her amended complaint. A claim under this statute invokes the Court's federal jurisdiction. However, because the Court finds that Plaintiff failed to properly bring a claim under Title VII (see discussion below), federal question jurisdiction does not exist.

### C. Title VII Claim

Title VII allows a person to sue an employer for discrimination on the basis of race if she has exhausted both state and EEOC administrative procedures. Once plaintiff files charges with the EEOC, the commission will investigate the charges, attempt to reach a settlement, and decide whether to sue the employer. *Id.* If the EEOC decides not to sue and if there is no settlement satisfactory to plaintiff, the EEOC will issue plaintiff a right-to-sue letter and plaintiff will have exhausted her remedies with the EEOC. *See* 42 U.S.C. § 2000e-5(f)(1). After receipt of the right-to-sue letter, plaintiff may sue in federal or state court. *Id.* Here, Plaintiff indicates that her EEOC charge was dismissed in May of 2012. Plaintiff failed to attach a Notice of Suit Rights after being given notice of this defect in the Court's prior Order #5. Thus, it appears Plaintiff has not exhausted her administrative remedies.

3

1    Additionally, Plaintiff has not provided adequate factual support for her claims.  To state a claim
2    for relief, "a complaint must contain sufficient factual matter to 'state a claim to relief that is plausible
3    on its face.'" *Iqbal*, 556 U.S. at 678-79.  In order to prove a prima facie case of discrimination in
4    violation of Title VII, Plaintiff must establish: (a) she belonged to a protected class; (b) she was
5    qualified for her job; (c) she was subjected to adverse employment action; and (d) similarly situated
6    employees not in her protected class received more favorable treatment.  *Moran v. Selig*, 447 F.3d 748,
7    753 (9th Cir. 2006) (citing *Kang v. U. Lim Am., Inc.*, 296 F.3d 810, 818 (9th Cir. 2002)).  Plaintiff
8    generally alleges that she was wrongfully terminated for falsifying her shift log.  She does not specify
9    her race or how she was qualified for her job.

10    Moreover, the liability scheme under Title VII limits civil liability to the employer, which was
11    Sands Expo and Convention Center, who Plaintiff failed to name in the amended complaint.  Given that
12    no personal liability attaches for claims of discrimination under Title VII, Plaintiff is unable to obtain
13    relief from the individual defendants named in the amended complaint .  *See Miller v. Maxwell's Int'l*,
14    991 F.2d 583, 587-88 (9th Cir. 1993) (employees and supervisors may not be sued in their individual
15    capacity).  Given all of these defects, the complaint must be dismissed.

16    Based on the foregoing and good cause appearing therefore,

### RECOMMENDATION

18    **IT IS HEREBY RECOMMENDED** that Plaintiff's Amended Complaint (#7) be **dismissed**
19    **with prejudice** because Plaintiff failed to state a claim upon which relief can be granted.

### NOTICE

21    Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in
22    writing and filed with the Clerk of the Court within fourteen (14) days.  The Supreme Court has held
23    that the courts of appeal may determine that an appeal has been waived due to the failure to file
24    objections within the specified time.  *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also
25    held that (1) failure to file objections within the specified time and (2) failure to properly address and
26    brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual
27    issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt*
28    *v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 12th day of February, 2013.

_____
**C.W. Hoffman, Jr.**
**United States Magistrate Judge**